CARTER (SARGENT v.). See Case No. 12,-362.

## Case No. 2,479.

### CARTER v. SWIFT et al.

[1 Lowell, 398.][1]

District Court, D. Massachusetts. 1869.

MONEY—GOLD AND CURRENCY—TENDER—COSTS.

1. Part of the proceeds of a whaling voyage were received in gold, and part in currency, and some advances were made to the libellant in gold. The account of the voyage was made up wholly in currency, the owners allowing and charging the premium on gold. *Held*, it was properly made up.

2. The libellant was to have a lay of one forty-second part of the catchings. If the account was so made up that he received this share, it was rightly made up, whether in one currency or another.

3. The libellant could not require that the gold dollars paid him at San Francisco should be charged at their face only, if the result would be to give him more than one forty-second part of the actual net returns.

4. The respondents having offered a certain sum before suit, based upon the mode of accounting adopted by the court, and no question of the sufficiency of the tender, in point of form, being made, the libellant was refused costs, unless it should turn out that the respondents had made a mistake in their computation, as to which the libellant had leave to go to an assessor.

In admiralty. The libellant [W. C. Carter] was entitled to a lay of one forty-second part of the net proceeds of the whaling voyage of the bark Camilla, for the time that he served on board the vessel, as compared to the whole voyage, after deducting the advances already made him, and the only question raised in the case was, whether the respondents [Jireh S. Swift, Jr., and others] could charge him with a premium on the gold coin paid him at San Francisco. The owners of the vessel made sale of a part of their cargo for gold, at San Francisco, and of a part for gold at home, according to the custom of the trade, and of the greater part for paper, and rendered their account wholly on a paper basis, allowing and charging the premium on all specie received and paid.

F. L. Porter, for libellant.
W. W. Crapo, for respondents.

LOWELL, District Judge. The voyage appears to have been properly made up. If the owners were obliged to account only for the number of dollars received without regard to currency, it would be in their power to sell the whole cargo for gold, and account

[1][Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

for it in paper. This a court of admiralty could not permit, if it were possible legally to avoid it. If the account is to be reformed, it must be reformed on both sides, and this might work great injustice to those of the crew who had not received large advances, though it might happen to be favorable to this libellant. The contract of the libellant was for one forty-second part of the proceeds; and in whatever currency the account is made up, if he receives payment in the same currency, he receives his fair share. I agree that in the naked case of a payment of so much money, the contract being silent as to the currency, if the debtor chooses to pay it in specie he cannot ordinarily ask for a credit for more than the number of dollars which he has paid. But here the question is of a fair settlement of proportions. An admiralty court will look at the fact, and if the libellant asks to have the account so adjusted as to give him more than one forty-second part of the actual net returns, it will refuse his request If he had been put in possession of one forty-second part of the oil and bone, worth in gold dollars at San Francisco a much less proportion of what the whole cargo would have brought at New York or New Bedford, in paper, as shown by what the remainder did bring, it is clear he could not now recover more; and, so far as that payment goes, this is substantially what he received. A certain part of the cargo was disposed of at San Francisco, for gold, and the libellant got a share of the gold; reckoning the price of the whole cargo, wherever sold, in paper, and reckoning his payment in the same, he is now entitled to only what the respondents are admitted to have offered him, unless there has been a mistake in computation. The case more nearly resembles Tufts v. Plymouth Gold Mining Co., 14 Allen, 407, than Bush v. Baldrey, 11 Allen, 367, which was relied on in argument.

The libellant is to recover the sum offered him, and interest. It was agreed that the computation might be revised by an assessor if the libellant desired it, and if it should turn out that he was not offered enough, he will have costs; otherwise not.

Decree accordingly.